## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHERITA ELLA HALL,

     Plaintiff,

-vs-

TRANS UNION LLC; and CREDENCE
RESOURCE MANAGEMENT, LLC,

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHERITA ELLA HALL (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, TRANS UNION LLC (hereinafter "Trans Union"); and CREDENCE RESOURCE MANAGEMENT, LLC (hereinafter "CRM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Rockdale County in the State of Georgia; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

11.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.    CRM is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered

agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.     CRM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     CRM furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to CRM, partial account number 278835*, as to a collection on behalf of original creditor Xfinity Mobile (hereinafter "CRM Account"). Plaintiff does not have an account with Xfinity Mobile and never applied or gave permission to anyone to apply using her information for the original account with Xfinity Mobile.

17.     Upon information and belief, Plaintiff is a victim of identity theft.

18.     In or about October 2023, Plaintiff observed a collection account on behalf of Xfinity Mobile.

19.     Shortly thereafter, Plaintiff contacted Xfinity Mobile for more information and was advised that the account related to an address at which she never resided and was under the name "Sirtrezmine Hall". Plaintiff advised that the account was fraudulent and submitted a fraud packet as directed.

20.    Thereafter, Plaintiff continued to monitor her credit file as she is working towards purchasing a home and observed the erroneous collection on behalf of Xfinity Mobile was removed.

21.    In or about April 2025, Plaintiff reviewed her credit file and observed the erroneous CRM Account which was seeking to collect the same erroneous Xfinity Mobile account that Plaintiff previously disputed as fraudulent in 2023.

22.    On or about May 14, 2025, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed the CRM Account was reported with a status of collection and balance of $424.

23.    On or about May 15, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 187410230. In this report, she explained that she was a victim of identity theft and that the CRM Account listed in her credit report did not belong to her.

24.    On or about May 17, 2025, Plaintiff reported the inaccurate reporting of the CRM Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 250517-20875473.

25.    In the CFPB report, Plaintiff detailed the fact that the CRM Account did not belong to her, and she requested an investigation into the inaccurate reporting.

26.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

27.     Upon information and belief, Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the CRM Account on her credit report.

28.     Due to the inaccurate reporting, on or about May 20, 2025, Plaintiff mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff advised she was a victim of identity theft and that the CRM Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and proof of address in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the filed CFPB Complaint, and images of her filed FTC Identity Theft Report.

29.     Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9407 1112 0620 8837 9310 24.

30.     On or about May 31, 2025, Plaintiff received a response from Trans Union regarding "Remedying the Effect of Identity Theft".

31.     Despite confirmation of delivery on May 24, 2025, Plaintiff did not receive dispute results in the mail from Trans Union.

32.     However, on or about June 30, 2025, Plaintiff obtained an updated copy of her Trans Union credit report, and upon review, Plaintiff observed that the CRM Account continued to be reported with a comment which stated, "Dispute resolved reported by grantor".

33.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

34.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

35.     Upon information and belief, Trans Union notified CRM of Plaintiff's dispute. However, CRM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

36.     Due to the inaccurate reporting, on or about July 2, 2025, Plaintiff mailed a second detailed dispute letter to Trans Union. In the letter, Plaintiff reiterated she was a victim of identity theft and that the CRM Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and proof of address in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the filed CFPB Complaint, and images of her filed FTC Identity Theft Report.

37.    Plaintiff mailed her second detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9407 1111 0549 5898 5505 36.

38.    As of the filing of this Complaint, Plaintiff has not received dispute results from Trans Union regarding her second detailed dispute letter.

39.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Trans Union continues to inaccurately report the erroneous CRM Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

40.    Trans Union has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

41.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

42.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Negligent)**

43.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

46.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

47.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.    Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

50.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

53.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

54.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

56.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

58.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

59.    Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

60.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

67.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

14

## <u>COUNT IV</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

74.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

78.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

79.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

80.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

81.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

83.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

84.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

85.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

86.     Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

87.     Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

88.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VII</u>
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credence Resource Management, LLC (Negligent)

91.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

92.    CRM furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

93.    After receiving Plaintiff's disputes, CRM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

94.    Plaintiff provided all the relevant information and documents necessary for CRM to have identified that the account was erroneous.

95.    CRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

96.    CRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

97.    As a direct result of this conduct, action, and/or inaction of CRM, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and inaction of CRM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

99.    Plaintiff is entitled to recover costs and attorney's fees from CRM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credence Resource Management, LLC (Willful)

100.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

101.    CRM furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

102.    After receiving Plaintiff's disputes, CRM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

103.    Plaintiff provided all the relevant information and documents necessary for CRM to have identified that the account was erroneous.

104.    CRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

22

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

105.   CRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

106.   As a direct result of this conduct, action, and/or inaction of CRM, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and inaction of CRM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

108.   Plaintiff is entitled to recover costs and attorney's fees from CRM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERITA ELLA HALL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC and CREDENCE RESOURCE MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 8th day of July 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
Virginia Bar #: 101194
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

24